Mr. Paul Dean Aikin Colonel Selective Service System Texas State Director P.O. Box 5218 Austin, Texas 78763
Re: Whether elected officials of the State of Texas, or any of its counties or cities, are prohibited from serving as Local Selective Service Board Members
Dear Mr. Aikin:
You have requested our opinion as to whether elected state, county and city officials may serve as local board members of the Selective Service System. The federal government recently re-established such boards and placed them in stand-by status, in the event a military draft is again imposed. You ask whether elected state and local officials may be appointed to fill the approximately 690 positions on local boards in Texas.
Article 16, section 12 of the Texas Constitution provides:
 No member of Congress, nor person holding or exercising any office of profit or trust, under the United States, or either of them, or under any foreign power, shall be eligible as a member of the Legislature, or hold or exercise any office of profit or trust under this State.
In 1967, article 16, section 33, which theretofore had included prohibitions similar to those of article 16, section 12, was amended, in part, by adding the following:
 It is further provided . . . if authorized by the Legislature by general law under such restrictions and limitations as the Legislature may prescribe, that a non-elective State officer or employee may hold other non-elective offices or positions of honor, trust, or profit under this State or the United States, if the other offices or positions are of benefit to the State of Texas or are required by State or federal law, and there is no conflict with the original office or position for which he receives salary or compensation.
Attorney General Opinion M-193 (1968) held that this language served impliedly to amend article 16, section 12, by creating an exception for non-elective state officers in certain circumstances. In 1969, the Legislature implemented these provisions by adopting article 6252-9a, V.T.C.S. See also Attorney General Opinion M-997 (1971). In 1972, the exception was, without significant change of language, removed from article 16, section 33, and inserted in article 16, section 40. Although it continues to furnish an exception to article 16, section 12, it is not applicable to the present inquiry concerning elected officials; the full prohibition of article 16, section 12, remains in effect for such individuals.
The question is thus whether a member of a local draft board holds an `office or profit or trust under the United States.' Although local board members may be reimbursed for travel expenses, the position is declared by federal regulation to be `uncompensated.' 32 C.F.R. § 1603.3. Furthermore, the position is created by federal law, and board members are appointed by the President. 50 U.S.C. § 460. Thus, the position is not `one of profit,' but it is held `under the United States.' Accordingly, we need determine only whether local board membership constitutes an `office of trust.'
A number of earlier Attorney General opinions have held that positions which are essentially advisory are not offices of honor or trust for purposes of article 16, section 12. See, e.g., Attorney General Opinions O-5341 (president of local chapter of American Red Cross), O-5314 (1943) (advisory board for selective service registrants); O-4313 (1942) (Alien Enemy Hearing Board is merely a fact finding and advisory body, which neither makes nor enforces decisions). On the other hand, certain positions require an exercise of a portion of the federal sovereignty, and thus should be deemed offices of honor or trust. See, e.g., Attorney General Opinions O-5232, O-5107 (1943) (public member of the Regional War Labor Board); O-2226, O-2226-A (1940) (member of local community committee of the Agricultural Adjustment Administration).
In Attorney General Opinion WW-201 (1957), this office said that a member of a joint board appointed by the federal Interstate Commerce Commission held an office of honor or trust under the United States and, as such, could not simultaneously be paid as an employee of the Railroad Commission. That opinion was specifically overruled in Attorney General Opinion C-527 (1965), which noted that service performed on a joint board involved `research, advice and recommendations for orders to be officially promulgated and enforced by the ICC.' Decision making and enforcement of orders were retained by the Commission. In such circumstances, the opinion held that a member of a joint board had not been delegated any portion of the federal sovereignty, and thus, could not reasonably be said to occupy an office or position of honor or trust under the United States. The opinion emphasized that there was little legal distinction between `office under the United States' and `office or position of honor or trust.' The key, for purposes of article 16, section 12, was whether the individual had been delegated `some of the sovereign functions of the United States Government.'
We believe it is clear that members of local draft boards have been delegated a portion of the federal sovereignty. 50 U.S.C. § 460(b)(3) provides, in pertinent part:
 Such local boards, or separate panels thereof each consisting of three or more members, shall, under rules and regulations prescribed by the President, have the power within the respective jurisdictions of such local boards to hear and determine, subject to the right of appeal to the appeal boards herein authorized, all questions or claims with respect to inclusion for, or exemption or deferment from, training and service under this title, of all individuals within the jurisdiction of such local boards. The decisions of such local board shall be final, except where an appeal is authorized and is taken in accordance with such rules and regulations as the President may prescribe. (Emphasis added.)
By the clear language of this statute, it is apparent that members of local draft boards have been delegated `some of the sovereign functions of the United States Government,' and therefore, occupy offices of trust under the United States. See also Attorney General Opinion O-5550 (1943). Accordingly, elected state, county and city officials are prohibited by article 16, section 12 of the Texas Constitution from serving as local board members of the Selective Service System.
 SUMMARY
Elected state, county and city officials are prohibited by article 16, section 12 of the Texas Constitution from serving as local board members of the Selective Service System.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Richard E. Gray III Executive Assistant Attorney General
 Prepared by Rick Gilpin Assistant Attorney General